# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KENNETH RAY PITTS                                                           PETITIONER

v.                       NO. 5:13CV00197 BSM/HDY

RAY HOBBS, Director of the                                      RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, Arkansas 72201-3325

RECOMMENDATION

In 2006, petitioner Kenneth Ray Pitts ("Pitts") was convicted of second-degree sexual assault and sexual indecency with a child and sentenced to an aggregate term of seventy-five years in the custody of respondent Ray Hobbs ("Hobbs"). Pitts appealed, but the Arkansas Court of Appeals found no reversible error and affirmed his conviction. See Pitts v. State, 2007 WL 3171942 (Ark.App. 2007). He thereafter sought discretionary review with the Arkansas Supreme Court, but his request was denied.

In 2008, Pitts attacked his 2006 conviction by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Pitts v. Norris, 5:08CV00322 HDY. The undersigned found that the petition contained claims that were procedurally barred from federal court review or, alternatively, had no merit and dismissed the petition in 2009. He attempted, but failed, to appeal the dismissal of his petition.

On June 5, 2013, Pitts attacked his 2006 conviction and sentence by filing another petition pursuant to 28 U.S.C. 2254. See Pitts v. Hobbs, 5:13CV00173 BSM. The undersigned recommended that it be dismissed, and United States District Judge Brian S. Miller adopted the recommendation and dismissed the petition on July 29, 2013.[1] Pitts is presently appealing the dismissal of that petition.

---

[1] Judge Miller dismissed Pitts' 28 U.S.C. 2254 petition because he failed to obtain the permission of the Court of Appeals before filing his petition. Judge Miller alternatively construed Pitts' petition as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and/or a motion to recall the mandate in 5:08CV00322. Despite giving Pitts' petition alternative constructions, Judge Miller found that Pitts was entitled to no relief.

On June 26, 2013, Pitts attacked his 2006 conviction and sentence by filing the petition at bar pursuant to 28 U.S.C. 2254. Liberally construing his pro se petition, he alleged that the sentence was imposed "when there was a failure to appoint counsel in violation of the Sixth Amendment." See Document 3 at 6. In addition, he alleged that his sentence is excessive because it is tantamount to a life sentence and prevents him from obtaining good-time credits. He also maintained that he has failed to receive credit for other time he spent in custody.

Hobbs responded to Pitts' petition by filing the pending motion to dismiss. See Document 7. In the motion, Hobbs maintained that Pitts neither sought nor obtained permission from the United States Court of Appeals for the Eighth Circuit to file a second or successive petition pursuant to 28 U.S.C. 2254 and, absent an order from the Court of Appeals authorizing such a petition, his petition cannot be considered.

Pitts thereafter filed a response to the motion to dismiss. Liberally construing his response, he appeared to maintain that his petition was, at least in part, a challenge to a disciplinary he received at some point in the past. He also appeared to challenge an evidentiary ruling made during his trial.

Before addressing Hobbs' motion to dismiss, the undersigned makes note of one preliminary matter. If Pitts' petition were his first challenge to a disciplinary, 28 U.S.C. 2244(b) would not apply. Assuming, arguendo, the petition is such, it lacks merit. He has failed to allege, inter alia, the nature of the disciplinary, why it is improper, and whether he exhausted his administrative remedies.

Assuming the petition at bar is one pursuant to 28 U.S.C. 2254, which is more likely the case, the filing of a second or successive petition pursuant to that section is governed 28 U.S.C. 2244(b)(3)(A). It provides the following: "Before a second or successive [petition] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]."

Pitts' petition is clearly a successive petition as he has previously filed two petitions pursuant to 28 U.S.C. 2254 challenging his 2006 conviction and sentence. 28 U.S.C. 2244(b) applies to the petition at bar, and the permission of the Court of Appeals is required before the petition can be considered by the district court. Pitts has not obtained permission to file this petition. For that reason, Hobbs' motion should be granted, and Pitts' petition should be dismissed.[2]

In summary, the undersigned recommends that Hobbs' motion to dismiss be granted and Pitts' petition be dismissed. Judgment should be entered for Hobbs, and a certificate of appealability should be denied.

---

[2]

Two concluding points are in order. First, there are exceptions to the rule requiring the permission of the Court of Appeals before a successive petition may be filed, e.g., approval is not required when a prior petition is dismissed for failure to exhaust, see Slack v. McDaniel, 529 U.S. 473 (2000); or when a prior petition is dismissed as premature, see Stewart v. Martinez-Villareal, 523 U.S. 637 (1998). The petition at bar does not satisfy any exception to the rule.

Second, in Bates v. Norris, 2006 WL 3741925 (E.D.Ark. December 18, 2006), United States District Judge Billy Roy Wilson chose not to dismiss a petitioner's second or successive petition but instead ordered that the petition be construed as a motion to proceed with a second or successive petition and be transferred to the Court of Appeals. Pitts' petition should not be treated likewise.

DATED this ___20___ day of August, 2013.


_____
UNITED STATES MAGISTRATE JUDGE